ALPHE GIROUARD *vs.* BOARD OF POLICE COMMISSIONERS OF

CENTRAL FALLS.

NOVEMBER 21, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

48

STEARNS, C. J.    This is a petition for a writ of *certiorari* directed to the Board of Police Commissioners of the city of Central Falls.    The writ was issued and the records of the board relevant to the dismissal of the petitioner as a member of the city police department have been certified to this court.

The facts are as follows.    Chapter 1818, Public Laws 1931, provides for the appointment by the governor, with the advice and consent of the senate, of a board of police commissioners of the city of Central Falls.    Section 3 of the act provides: Said board shall have authority to appoint, remove for cause and control the chief of police, all other officers, the police, police matrons, police surgeons, and all attachés of the police department of said city and shall have authority to make all needful rules and regulations for their efficiency, management and direction, not inconsistent with the laws of the state.

The petitioner, Alphe Girouard, was appointed a patrol driver of the police department by the board, April 30, 1931.    At a meeting of the board on June 18, it was voted "that the Patrol Drivers should be made permanent members of the Police Department thereby becoming eligible to the pension fund."    The record of the meeting of the board held August 10 is as follows: "A motion was made that Alphe Girouard be discharged, the same to take effect on the 15th day of August.    Cause for the good of the de-

partment, and the Secretary instructed to notify him of this order. So voted." No charges against petitioner were filed, no notice of any hearing was given to him, no evidence was heard by the board and no opportunity was given to petitioner to appear before the board and present any defence.

The charter of the city of Central Falls provides (Section 4, Clause 2) that members of the paid police department shall not be subject to removal from office except by the city council in joint convention for misconduct or incapacity, upon charges made in writing of which the officer complained of shall have had notice and opportunity to be heard thereon. By Chapter 1818 the board of police commissioners was invested with the powers of the city council over the police department except as otherwise provided by the statute.

It is unnecessary in the case at bar to consider the city charter, as the statutory provision with respect to the power of removal is specific and clear. This provision is applicable alike and without distinction to the chief of police, the police officers, police matrons and surgeons and all attachés of the police department and the board has no authority to make any rules inconsistent with this statute.

The purpose of the statute is to ensure some permanence in the membership of the police department and thereby to promote its efficiency. The petitioner is a member of the police department. It is immaterial whether he is considered to be an officer or merely an attaché of the department. In either event he is not subject to be removed from office except for cause, or, to state it in another way, he cannot be removed without cause.

To justify a removal there must be a lawful cause—that is—one supported by evidence. The action of the board in a proceeding for removal for cause is judicial in its nature and is subject to review by the court. The official accused is entitled to a fair statement of the charge on which the board proposes to act, a notice of the hearing of the charge

and an opportunity to present his defence. The right of removal being thus limited it is immaterial that there is no explicit provision in the statute for the statement of charges, for notice and a hearing. Such a procedure is implied in the statute and the omission of such requirements is of no significance. *Norton* v. *Adams*, 24 R. I. 97. As the decision of the board is subject to judicial review, it is essential that the cause of removal should be stated in the records of the board with reasonable clearness. In the instant case the cause of removal recorded "for the good of the department" is vague and indefinite; it may have many different meanings; it is not sufficiently specific to provide the necessary basis for a judicial review of the board's decision.

In calling attention to the required procedure in cases of this kind, we do not mean to establish strict technical rules of procedure. See *Reynolds* v. *The Mayor and Aldermen*, 23 R. I. 370. But it is essential that there shall be a fair hearing on definite charges after notice given and a specific statement in the record of the board of the cause for removal.

For the reasons stated we are of the opinion that the record does not disclose lawful procedure or cause for the removal of the petitioner and hence the record is ordered to be quashed.

*Francis B. Condon*, for petitioner.

*Benjamin M. McLyman*, Attorney General, *Sigmund W. Fischer, Jr.*, Second Assistant Attorney General, *William A. Toole*, Fourth Assistant Attorney General, for respondents.